UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-5791-JFW (KK)** | Date: | July 26, 2021 |
| Title: | ***Eugene E. Taylor v. Brandon Price, Warden*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust

I.
**INTRODUCTION**

On June 28, 2021, Petitioner Eugene Eldridge Taylor ("Petitioner") constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). ECF Docket No. ("Dkt.") 1. Petitioner challenges his 2019 indefinite civil commitment at Coalinga State Hospital as a sexually violent predator ("SVP"). Id. at 1. As discussed below, the Court orders Petitioner to show cause why the Petition should not be dismissed because Petitioner has not exhausted his state remedies with respect to the single claim raised in the Petition.

///
///
///
///
///
///
///

---

[1]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); see also Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004) (holding civilly confined individuals are entitled to the "mailbox rule")

## II.
## THE PETITION APPEARS TO BE A WHOLLY UNEXHAUSTED PETITION SUBJECT TO DISMISSAL

**A.   APPLICABLE LAW**

A person seeking habeas relief must exhaust his state court remedies before a federal court may consider granting relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

**B.   ANALYSIS**

In this case, Petitioner appears to raise one ground for relief in the Petition. While not entirely clear, Petitioner appears to claim section 6600 of the California Welfare and Institutions Code ("Section 6600") cannot be retroactively applied to an individual convicted prior to the enactment of the Section 6600. Dkt. 1 at 5, 8; see also Force v. Mayberg, No. SA CV 10-1316 CJC RZ, 2011 WL 3651340, at *5 (C.D. Cal. June 22, 2011), report and recommendation adopted, No. SA CV 10-01316 CJC, 2011 WL 3651767 (C.D. Cal. Aug. 19, 2011) (finding that while petitioner does not specifically premise his claim that the Sexually Violent Predator Act can be retroactively applied to him on the Ex Post Facto Clause, the petitioner's claim is nevertheless cognizable as an Ex Post Facto challenge). Plaintiff, however, does not appear to have raised this ground for relief in the California Supreme Court. Although Petitioner filed a petition for review in the California Supreme Court in case number S267336 in 2021, Petitioner states the grounds raised before the California Supreme Court were not the same as the one raised in the instant Petition. Id. at 3. Petitioner also concedes he has not filed other petitions, applications, or motions with respect to his civil commitment in the California Supreme Court. Id.

Hence, because the ground raised in the instant Petition has not been ruled on by the California Supreme Court, the Petition is a wholly unexhausted petition subject to dismissal.

## III.
## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than August 16, 2021.** Petitioner must respond to this Order pursuant to one of the options listed below.

**Option 1 - Petitioner May Explain The Petition Is Exhausted:** If Petitioner contends he has, in fact, exhausted his state court remedies on the one ground raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that the ground raised in the Petition is indeed exhausted.

**Option 2 - Petitioner May Request A Rhines Stay:** Under Rhines v. Weber, a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claim to state courts. 544 U.S. 269, 276 (2005); Mena v. Long, 813 F.3d 907, 907 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the ground raised is not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See id. Petitioner should include any evidence supporting his request for a Rhines stay.

**Option 3 - Petitioner May Voluntarily Dismiss This Action Without Prejudice:** Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on the ground raised in the Petition and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to file a timely response to this Order will result in the Court dismissing this action without prejudice for failure to exhaust state remedies and/or failure to comply with court orders and failure to prosecute. See FED. R. CIV. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**